1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SHIRLEY LINDSAY,

                    Plaintiff,

    vs.

S GREENRIDGE PROPERTIES, LLC, a
California limited liability company; and
DOES 1 to 10 inclusive,

                 Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.  CV 15-2584-R

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY
ADJUDICATION AND REQUEST TO
DECLINE SUPPLEMENTAL
JURISDICTION

     Before the Court is Defendant's Motion for Summary Adjudication and Request to Decline

Supplemental Jurisdiction, which was filed on October 16, 2015.  (Dkt. No. 15).  Having been

thoroughly briefed by both parties, this Court took the matter under submission on December 3,

2015.

     Summary judgment is appropriate where there is no genuine issue of material fact and the

1   moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex*

2   *Corp. v. Catrett*, 477 U.S. 317, 323 (1986). An issue is "genuine" only if there is a sufficient

3   evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a

4   dispute is "material" only if it could affect the outcome of the suit under governing law. *Anderson*

5   *v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

6           Once the moving party meets its initial burden of showing there is no genuine issue of

7   material fact, the opposing party has the burden of producing competent evidence and cannot rely

8   on mere allegations or denials in the pleadings. *Id.* at 247-48, 256-57; *Matsushita Elec. Indus.*

9   *Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  "Where the record taken as a whole

10  could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for

11  trial.'" *Id.* at 587.  To meet its burden the responding party's evidence must be substantive; a

12  "scintilla of evidence or evidence that is merely colorable or not significantly probative does not

13  present a genuine issue of material fact." *Addisu v. Fred Meyer, Inc.* 198 F. 3d 1130, 1134 (9th

14  Cir. 2000).  Where the moving party will have the burden of proof on an issue at trial, it must

15  affirmatively demonstrate that no reasonable trier of fact could find other than for the moving

16  party, but on an issue for which the opposing party will have the burden of proof at trial, the party

17  moving for summary judgment need only point out "that there is an absence of evidence to support

18  the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325.  As the party with the burden of

19  persuasion at trial, the plaintiff must establish beyond controversy every essential element of its

20  claim.  *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003).

21          The causes of action in this case arise out of Defendant's failure to properly maintain an

22  ADA compliant parking space.  Defendant now has an ADA compliant parking space.  Plaintiff

23  argues that years in the future, the parking space will likely fade and have to be redone.  Plaintiff

24  urges this Court to provide injunctive relief so that Defendant will maintain the space.  With

25  Defendant now being in compliance with the ADA, no near-term risk of the violation recurring,

26  and no reasonable near-term future risk of future issues concerning the space—no non-speculative

27  reason exists to maintain the ADA cause of action.  Plaintiff does not allege wide-spread ADA

28  compliance issues.  While Plaintiff suggested in her Complaint that she would amend her

1   allegations to include additional ADA compliance violations after a site inspection, now eight

2   months since filing her Complaint, no such amendments have been made.  The lone issue that

3   Plaintiff has brought to the attention of the Defendant and this Court has since been corrected.  No

4   current active case or controversy exists, and therefore this Court DISMISSES Plaintiff's first

5   cause of action under the ADA as moot.

6        There are two grounds for federal subject matter jurisdiction: (1) federal question

7   jurisdiction under Title 28 U.S.C. § 1331; and (2) diversity jurisdiction under Title 28 U.S.C. §

8   1332. A district court has federal question jurisdiction in "all civil actions arising under the

9   Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

10       Plaintiff's first cause of action alleges a violation of the Americans with Disabilities Act of

11   1990 (ADA). This Court, therefore, has federal question jurisdiction under Title 28 U.S.C. § 1331.

12   Plaintiff's state law claim arises out of the same transaction that gives rise to Plaintiff's federal

13   claim. This Court therefore has discretion to extend supplemental jurisdiction over that claim

14   pursuant to Title 28 U.S.C. § 1367(a).  However, "while courts 'shall' have supplemental

15   jurisdiction under [Title 28 U.S.C.] § 1367(a), they 'may' decline to exercise it under [Title 28

16   U.S.C.] § 1367(c)." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). Title 28

17   U.S.C. § 1367(c) provides that "[t]he district courts may decline to exercise supplemental

18   jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over

19   which it has original jurisdiction." As already explained, this Court finds Plaintiff's ADA claim

20   moot. Since the ADA cause of action provided the basis for federal question jurisdiction over

21   Plaintiff's entire matter, this Court now exercises its discretion to decline exercising its

22   supplemental jurisdiction.

23   / / / / / / /

24   / / / / / / /

25   / / / / / / /

26   / / / / / / /

27   / / / / / / /

28   / / / / / / /

3

1     **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Adjudication and

2 Request to Decline Supplemental Jurisdiction is GRANTED.  (Dkt. No. 15).   Plaintiff's Cause of

3 Action arising under the ADA is DISMISSED as moot.  Accordingly, this Court declines to

4 exercise supplemental jurisdiction over Plaintiff's state law Cause of Action and DISMISSES the

5 state cause of action, without prejudice.

6 Dated:  January 7, 2016.

7

8 _____

9               MANUEL L. REAL
10        UNITED STATES DISTRICT JUDGE

4